IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ASHLEE UNDERWOOD and STEPHEN UNDERWOOD, | : : : | |
| Plaintiffs, | : : | |
| v. | : : : | 3:13-CV-36 (CAR) |
| ARCOVIA PROPERTIES, INC.; MARK WILLETT; and SHERI MYERS WILLET, | : : : | |
| Defendants. | : : | |

## ORDER GRANTING MOTION TO APPROVE AMENDED FLSA SETTLEMENT AGREEMENT

Currently before the Court is the Joint Motion for Approval of Amended Settlement Agreement [Doc. 9] of Plaintiffs' claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA"). As explained below, the Court **GRANTS** the parties' Motion.

Plaintiffs Ashlee and Stephen Underwood, former employees of Defendant Arcovia Properties, Inc., filed suit against Defendants seeking to recover unpaid compensation allegedly withheld from him by Defendants in violation of the FLSA. Throughout this action, Defendants have denied that they willfully violated the FLSA and contend they paid Plaintiffs all monies to which they are entitled under the FLSA

1

and therefore are not liable to Plaintiffs for any compensation.  The parties have now agreed to settle the claims and are seeking judicial approval of the settlement agreement as required by *Lynn's Food Stores, Inc. v. United States*.[1] The parties have filed the proposed Settlement Agreement on the record and seek approval of the agreement and dismissal of this action. No objections to the Settlement Agreement have been filed.

In reviewing a settlement of a private FLSA claim, this Court must "scrutinize[] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."[2]  The court may approve the settlement if it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute."[3]

Here, there are bona fide disputes over FLSA provisions, namely FLSA coverage and the amount of unpaid wages Plaintiff is entitled to receive.  Having reviewed the proposed settlement agreement, the Court concludes that the settlement terms in the agreement are fair and reasonable resolutions of the bona fide disputes.  Thus, the Court **GRANTS** the Motion to approve the settlement agreement.

Under the Settlement Agreement in this case, Plaintiffs' counsel will receive $4,500.00 in attorneys' fees.  In the Agreement, the parties state that they "agreed to the

---

[1] 679 F.2d 1350, 1352 (11th Cir. 1982).
[2] *Id.* at 1355.
[3] *Id.* at 1354.

payment of this fee to Plaintiffs' counsel separately and without regard to the amount paid to settle Plaintiffs' claims."[4]  Because the Settlement Agreement constitutes a reasonable compromise of Plaintiffs' original claims, and the parties represent Plaintiffs' claims were resolved separately and apart from the issue of attorneys' fees, the Court hereby accepts the attorneys' fees had no influence on the reasonableness of Plaintiffs' settlement.[5]  Thus, there is no reason to believe Plaintiffs' recovery is adversely affected by the amount of fees and costs to be paid to Plaintiffs' counsel, and the Court need not separately consider the reasonableness of the attorneys' fees.[6]

## CONCLUSION

In light of the foregoing, the Court hereby **GRANTS** the parties' Joint Motion for Approval of Amended Settlement Agreement [Doc. 9].

**SO ORDERED** this 19th day of September, 2013.

S/  C. Ashley Royal
C. Ashley Royal
United States District Judge

SSH

---

[4] Settlement Agreement, p. 2, ¶1 Consideration—Payment to Plaintiffs; Ex. A, Joint Motion for Approval of Amended Settlement Agreement [Doc. 9-1].
[5] *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).
[6] *Id.*